# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TYRONE WIGFALL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 05-591 (JR)** |
| ) | |
| **WOLPOFF & ABRAMSON,** ) | |
| **LLP,et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

Plaintiff, a resident of the District of Columbia, brought this diversity[1] wrongful termination action *pro se* against his former employer, a law firm with its principal place of business in Maryland, and against individual employees of the firm.  Defendants' motion for summary judgment will be granted because the undisputed facts establish that plaintiff was an at-will employee.

### *Background*

Plaintiff interviewed for a paralegal debt collector position at Wolpoff and Abramson, LLP ("W & A") on November 4, 2004.  Complaint ("Compl."), ¶ 2.  He completed and signed an employment application which acknowledged that he could be terminated from his employment at any time and for any reason.  Defendants' Motion for Summary Judgment, Affidavit of Angela Stokes ("Stokes Aff."), Exhibit 1.   W & A offered Mr. Wigfall a position on November 5, 2004.

---

[1]  The Court assumes without deciding that, unlike common law partnerships, limited liability partnerships do not reside wherever their partners reside.  In any event, plaintiff's assertion of diversity jurisdiction is unchallenged.

Compl., ¶ 3.  The offer required that plaintiff complete an eight-week training course upon commencement of his employment.  *Id.*, ¶ 4.  On November 15, 2004, plaintiff began his employment at W & A and signed the firm's "Employee Statement of Policy."  Stokes Aff., Exhibit 2.  That statement provided that plaintiff could be terminated at will.  *Id.*

At the conclusion of the training classes, W & A informed plaintiff that his employment was being terminated for unsatisfactory performance.  Compl., ¶ 9; Stokes Aff., ¶ 13.  Plaintiff alleges that the specific reasons given by defendants for his termination were that he "didn't perform well on phone calls in class training and would expose W&A to liability" and that he wasn't "aggressive" enough or a "go getter type of collector,"  Compl., ¶ 10, and those allegations are taken as true for purposes of this motion.

*Standard of Review*

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).  Material facts are those that "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party.  *Anderson*, 477 U.S. at  255; *see also Washington*

2

*Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989).

The party opposing a motion for summary judgment, however, "may not rest upon the mere

allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a

genuine issue for trial." *Anderson,* 477 U.S. at 248.  The non-moving party must do more than

simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  Moreover, "any factual assertions

in the movant's affidavits will be accepted as being true unless [the opposing party] submits his

own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly,* 963

F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

The mere existence of a factual dispute by itself, however, is not enough to bar summary

judgment.  The party opposing the motion must show that there is a genuine issue of *material*

fact.  *See Anderson*, 477 U.S. at 247-48.  To be material, the fact must be capable of affecting the

outcome of the litigation; to be genuine, the issue must be supported by admissible evidence

sufficient for a reasonable trier of fact to find in favor of the nonmoving party.  *Id.; see also*

*Laningham v. United States Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).


*Discussion*

Addressing the merits of defendants' motion, the first question is which state law to

apply.  In cases based on diversity jurisdiction, the applicable choice of law rules are those of the

forum state.  *Ideal Electronic Sec. Co. v. Int'l Fidelity Ins. Co.*, 129 F.3d 143, 148 (D.C. Cir.

1997); *Samra v. Shaheen Business & Investment Group, Inc.*, 355 F.Supp. 2d 483, 496 (D.D.C.

2005).  District of Columbia law provides that the law of the jurisdiction having the "more

substantial interest" applies in the absence of an agreement between the parties.  *See Nationwide Mut. Ins. Co. v. Richardson*, 270 F.3d 948, 953 (D.C. Cir. 2001); *Greycoat Hanover F Street Ltd. P'ship v. Liberty Mut. Ins. Co.*, 657 A.2d 764, 767-68 (D.C. 1995).

All of the relevant facts indicate that Maryland is the jurisdiction with the more substantial interest in this case.  Plaintiff interviewed for the paralegal position in Maryland.  The employment contract was offered and executed in Maryland.  Plaintiff's job duties were performed in Maryland.   W&A's principal place of business is in Maryland.  Other than being the location of plaintiff's current residence, the District of Columbia has no connection with the employment contract at issue.  For all these reasons, the Court will apply Maryland law.

Under Maryland law, an employment contract is presumptively at-will.  *Gwinn v. Food Lion, LLC*, 195 F.Supp. 2d 728, 730 (D. Md. 2002); *Porterfield v. Mascari*, 823 A.2d 590, 601-02 (Md. 2003).   An at-will employee is one who has an employment contract of infinite duration that is terminable for any reason by either party.  *King v. Marriot Inter. Inc.*, 866 A.2d 895, 901 (Md. 2005).  Absent a contravening public policy, a court may not review an employer's decision to terminate an at-will employee even if the reason is arbitrary, capricious, or fundamentally unfair.  *Towson Univ. v. Conte*, 862 A.2d 941, 949 (Md. 2004).

The employment agreement between plaintiff and W& A stated that plaintiff could leave his employment at any time and for any reason and that W&A could terminate his employment at any time for any reason.  *See* Stokes Aff., Exhibits 1 & 2.  There is no dispute that these were the terms of plaintiff's employment, and plaintiff has identified no public policy that was violated by his termination.  Therefore, there is no basis for plaintiff's claim and summary judgment will be granted in favor of defendants.

A separate order accompanies this Memorandum Opinion.


_____
JAMES ROBERTSON
United States District Judge

DATE: November 1, 2005